**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Diante Jermaine Willis, Appellant.

Appellate Case No. 2021-001466

---

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-230
Submitted June 1, 2024 – Filed July 3, 2024

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:** Diante Jermaine Willis appeals his convictions for murder and possession of a weapon during the commission of a violent crime and his life sentence. On appeal, he argues the trial court erred in allowing an in-court identification because the identification procedures utilized by the State were unduly suggestive and impermissible pursuant to *Neil v. Biggers*.[1] We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting the witness's in-court identification of Willis because the identification procedures were not unduly suggestive. *See State v. Moore*, 343 S.C. 282, 288, 540 S.E.2d 445, 448 (2000) ("Generally, the decision to admit an eyewitness identification is at the trial [court's] discretion and will not be disturbed on appeal absent an abuse of such, or the commission of prejudicial legal error."); *State v. Wyatt*, 421 S.C. 306, 310, 806 S.E.2d 708, 710 (2017) ("When a defendant challenges the admissibility of a witness's identification, trial courts employ a two-pronged inquiry to determine whether due process requires suppression."); *id.* ("First, the court must determine whether the identification resulted from 'unnecessarily suggestive' police identification procedures."); *id.* ("If the court finds the police procedures were not suggestive, or that suggestive procedures were necessary under the circumstances, the inquiry ends there and the court need not consider the second prong."). First, the officer's comment that the photographs included in the photographic lineup were "old jail photos" did not suggest that a particular photograph was of the assailant. *See State v. Patterson*, 337 S.C. 215, 230, 522 S.E.2d 845, 852 (Ct. App. 1999) (holding a photographic lineup was not suggestive when none of the photographs stood out from the others and "there [was] no evidence [the investigating officer] expressly or implicitly suggested to [the witness] which photograph was of a suspect"). Second, the State playing audio of Willis's police statement to the witness and having him speak during the pretrial hearing did not taint the witness's in-court identification because she based her in-court identification on her recognition of Willis's eyes, not on his voice. Moreover, we hold the witness had enough familiarity with Willis to allow her to make an eyewitness identification independent of any suggestive procedure. The witness identified Willis as the assailant prior to being shown the photographic lineup, she explained she had regularly seen Willis walking around the neighborhood about six times a day, and she recognized his eyes and mannerisms from her prior interactions with and observations of him. *See State v. Liverman*, 398 S.C. 130, 142, 727 S.E.2d 422, 428 (2012) (holding a witness's in-court identification was properly admitted because the witness's identification "originated not from any

---

[1] 409 U.S. 188 (1972).

taint associated with the suggestive show-up but from [the witness's] prior association with Petitioner and his observation of Petitioner at the time of the shooting").

Finally, based on a totality of the circumstances, the witness's identification of Willis was reliable such that there was not a substantial likelihood of misidentification. *See State v. Turner*, 373 S.C. 121, 127, 644 S.E.2d 693, 696-97 (2007) (explaining that when evaluating the totality of the circumstances to determine the likelihood of a misidentification, courts consider the following factors: "(1) the witness's opportunity to view the perpetrator at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the perpetrator, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation"). Although the witness made her in-court identification of Willis over two years after the shooting occurred, other factors weigh in favor of her identification being reliable. The witness testified she saw the assailant's eyes and stood ten to twelve feet from the assailant. Additionally, her prior description was highly accurate, as the witness indicated that the man who lived at a certain house was the assailant prior to being shown a lineup and this was Willis's house. Although the witness was not the victim, she likely paid greater attention to the assailant because the victim was her brother. Finally, the witness stated she was "a thousand percent sure" that Willis was the assailant when she identified him before a jury.

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.